```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**TRAVIS SUMPTER,**

    **Plaintiff,**

v.                                   **Case No. 2:07-cv-00082**

**JOHN MCKAY, DAVID FARMER,
LT. ROGERS, SGT. ATKINS,
OFFICER TERRY, OFFICER HUFFMAN,
JOHN DOE OFFICER, and OFFICER RANCID,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is the United States Marshals Service's Motion to Dismiss (docket sheet document # 7). This matter is assigned to the Honorable David A. Faber, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 6, 2007, Plaintiff, who is a state pre-trial detainee, incarcerated at the South Central Regional Jail (the "SCRJ"), filed a Complaint under 28 U.S.C. § 1983 against various defendants, including the United States Marshals Service. In his Complaint, Plaintiff alleged that he was assaulted by two white inmates, including a federal inmate who was being housed at the SCRJ, and that he had advised various employees at the SCRJ that "his life and safety were in danger," but they neglected his

requests for help. Thus, Plaintiff further alleged that the defendants were deliberately indifferent to threats to his health and safety, in violation of his rights under the Eighth and Fourteenth Amendments to the united States Constitution.

On February 20, 2007, Assistant United States Attorney Stephen M. Horn filed a Motion to Dismiss (# 7) and a Memorandum of Law in support thereof (# 8) on behalf of the United States Marshals Service (the "USMS"). The motion asserted that, treating Plaintiff's claim as one brought pursuant to the holding in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1], such a claim could not be brought against the United States or any agency thereof. See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 486 (1994)("An extension of Bivens to agencies of the federal government is not supported by the logic of Bivens itself.") Therefore, the USMS moved to dismiss the claim brought against it for failure to state a claim upon which relief can be granted. (# 7 at 1).

---

[1] The United States Supreme Court's ruling in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 288 (1971), provides for civil liability of federal officials who violate an individual's constitutional rights. A Bivens complaint must "allege[] the specific conduct violating the plaintiff's rights, the time and place of that conduct and the identity of the 'responsible officials.'" Preast v. McGill, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999)(quoting Colburn v. Upper Darby Township, 38 F.2d 663 (3d Cir. 1988)).

During a status conference held in this matter on April 2, 2007, the undersigned questioned Plaintiff about his claim against the USMS.  Plaintiff stated that he was not claiming that the United States Marshal, himself, or any particular Deputy Marshal, knew that any federal inmates housed at the South Central Regional Jail posed a threat to Plaintiff and disregarded that threat.  Therefore, Plaintiff cannot state a <u>Bivens</u> claim against any individual employee of the USMS either.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the United States Marshals Service.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the United States Marshals Service's Motion to Dismiss (# 7).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which

objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    April 6, 2007
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge